UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CENTURY DRYWALL, INC.<br>Plaintiff<br><br>V.<br><br>RHODE ISLAND LABORERS' DISTRICT<br>COUNCIL LOCAL 271<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | [redacted] 08 221S |

## COMPLAINT

## PARTIES

1. The Plaintiff, Century Drywall, Inc. (Century) is a corporation organized under the laws of the State of Rhode Island with a principal place of business at 1992 Louisquisset Pike, Lincoln, RI 02865.

2. The Defendant, Rhode Island Laborers' District Council Local 271(Local 271) is a labor organization with a principal place of business at 410 South Main Street, Providence, RI 02903.

## JURISDICTION

3. This Honorable Court has jurisdiction over this action pursuant to 9 U.S.C. §9 and 29 U.S.C. §185(c), concurrently.

## FACTS

4. Century was a subcontractor installing drywall and ceiling tiles on the Fidelity project in Providence, RI.

5. Century has collective bargaining agreements (CBA) with both Local 271 and the United Brotherhood of Carpenters and Joiners of America Local 94 (Local 94).

6. Century subcontracted the installation of the ceiling tiles to American Acoustical Contractors, Inc. (AAC), a Massachusetts corporation having a usual place of business at 89 York Ave. Randolph, Ma. 02368.

7. AAC has a CBA with Local 94, but no CBA with Local 271. The Local 94 collective bargaining agreement specifically claims the unloading of ceiling tiles in the trade autonomy section.

8. AAC assigned the work of unloading the ceiling tiles to members of Local 94 pursuant to the CBA.

9. Local 271 claimed the work of unloading ceiling tiles as work covered by its CBA.

10. Local 271 filed a grievance against Century for subcontracting laborers' work to a subcontractor that did not have a CBA with Local 271 in violation of the subcontracting clause of its agreement with Century.

11. The grievance was not settled and on March 4, 2008, Local 271 filed a Demand for Arbitration with the American Arbitration Association against Century for violation of Article II, Section 7 of the Rhode Island Laborers' District Council Statewide Building and Site Agreement.

12. On April 21, 2008, the matter was heard before Arbitrator Francis M. O'Brien.

13 On May 8, 2008 Arbitrator O'Brien rendered his decision. (A copy of the decision is attached hereto as Exhibit A.)

14. Although the agreed issue to be submitted to the arbitrator was whether or not Century violated the subcontracting clause of the CBA, the arbitrator never decided that issue, but rather issued an order in the nature of a jurisdictional dispute arbitration ordering a remedy against entities that were not parties to the arbitration.

15. The arbitrator exceeded his authority in rendering a decision on issues not presented by either party or agreed to be submitted to the arbitrator and by ordering a remedy against AAC and Local 94 who were not parties to the proceeding.

VACATE AWARD

12. Century repeats and restates all of the allegations contained in paragraphs 1 through 15 as if more completely set forth herein.

13. In accordance with Section 301 of the Labor-Management Relations Act, 29 USC §185 et seq., Century is seeking to have the arbitrator's award vacated by this Honorable Court.

Wherefore, Century demands that this Honorable Court enter an order vacating the arbitrator's award.

CENTURY DRYWALL, INC.
By its attorneys,

DATED: June 3, 2008

Girard R. Visconti
Visconti & Boren LTD
55 Dorrance Street
Providence, RI 02903-2219
Tel: 401-331-3800
Fax: 401-421-9302
Attorney for Century Drywall, Inc.