EXHIBIT
A

**In the Matter of the Arbitration Between**

RILDC, Local 271

and

Century Drywall, Inc.

AAA Case No. 11 300 E 00534 08

**APPEARANCES**

For Local 271

Darren F. Corrente, Esq.

For Century Drywall, Inc.

James F. Grosso, Esq.

**ARBITRATOR**

Francis T. O'Brien

I

**STATEMENT OF THE CASE**

A hearing on the disputed issue was conducted by the undersigned Arbitrator on April 21, 2008 at the Westin Hotel, Providence, RI under the expedited rules of the American Arbitration Association.

Both Parties were represented at the hearing and were afforded full opportunity to examine and cross-examine witnesses, introduce documentary evidence, and argue their respective positions orally.

RILDC, Local 271 (hereinafter known as "Union") was represented by Darren F. Corrente, Esq., Legal Counsel. Century Drywall, Inc. (hereinafter known as "Employer") was represented by James F. Grosso, Esq., Legal Counsel.

At the request of the Parties, the witnesses were sworn. At the request of the Parties, the witnesses were sequestered.

## II

## EXHIBITS

| | |
|---|---|
| JX-1 | Agreement between the Rhode Island Chapter, Associated General Contractors of America, Inc. and Rhode Island Laborers' District Council (6/1/05) |
| JX-2 | Agreement between the New England Regional Council of Carpenters and Associated General Contractors of Rhode Island, Inc. (6/5/05) |
| UX-1 | Hoban Arbitration Award (5/20/60) |
| UX-2A | Sheehan Letter (5/20/60) |
| UX-2B | Sheehan Letter (7/22/60) |
| UX-3 | Determination of Assignment Decision (3/1/04) |
| UX-4A | Agreement between the Laborers, Local Union 271 and Rhode Island Chapter, Associated General Contractors of America, Inc. (5/21/64) |
| UX-4B | Agreement between the Rhode Island Chapter, Associated General Contractors of America, Inc. and Rhode Island General Council of the Laborers Union. |
| UX-5 | Marshall Letter on Unresolved Jurisdictional Issues (5/1/06) |
| EX-1 | Amgen PLA (7/18/02) |
| EX-2 | Laborers Proposals (5/30/01) |
| EX-3 | Carpenters Proposals (6/0/01) |

## III

## THE ISSUE

1. Is the grievance arbitrable?

2. If so, did the Employer violate Article VII of JX-1 when it assigned the work of unloading acoustical tile to the Carpenters?

3. If so, what shall the remedy be?

# IV

## ARBITRABILITY

The issue of arbitrability was raised by the Employer. The Employer contends that the grievance alleges a violation of the Subcontracting Clause (Article II, section 7) of JX-1. This clause prohibits the subcontracting of work covered by JX-1 to a contractor who is not a signatory to JX-1. The Employer submits however that JX-1 contains no reference to acoustical tile as falling within the scope of the work to be performed by the Laborers. Therefore, there can be no contractional violation.

The Laborers argue that JX-1 makes a specific reference to the unloading of building material (Appendix A of JX-1) and that acoustical tiles have historically been included in the description of building materials.

The issue of arbitrability in this case is intertwined with the merits. As the U.S. Supreme Court long ago ruled in their "Steelworkers Trilogy" decisions, there is a presumption of arbitrability unless there is compelling evidence to the contrary.
The Arbitrator finds no compelling evidence in the instant case.
Indeed, a review of JX-1 does not disclose any substantive restriction which the Parties have placed on their ability to grieve. Accordingly, the Arbitrator finds that the grievance is arbitrable.

V

**MERITS**

The ordinary work of the Arbitrator is to apply the language of the contract which the Parties have entered into. Where the language of the contract is clear it shall be controlling. In the instant case this is precisely the claim of the Carpenters. The language of the agreement between the Carpenters and the Associated General Contractors of Rhode Island (JX-2) is quite specific. It says that all acoustical tile and related material will be unloaded and installed by the Carpenter. However, the Laborers, who raised the issue which is before the Arbitrator, are not a signatory to JX-2. Hence they cannot be bound by its provisions unless they have specifically agreed to be bound. Interestingly, Appendix 1 of JX-2 identifies several jurisdictional items in which the Carpenters and the Laborers have reached agreement. Signed by representatives of both Unions, this agreement clearly binds them in the matters which are addressed by it. Significantly, the unloading of acoustical tiles[1] is not included in the list of agreed-to items. This suggests strongly that neither Union was ceding its jurisdictional claim to that work to the other Union.

Similar to the Carpenters, the Laborers also made reference to their agreement with the Associated General Contractors of Rhode Island (JX-1) to support their claim to the work in dispute. While the relevant language in JX-1 is more general than that contained in JX-2, the Laborers argued persuasively that it included the unloading of acoustical tile. They also submitted additional documents (UX-1, UX-2A and UX-2B) to buttress their claim. UX-2A and UX-2B have been incorporated by reference into JX-1. However, the reservation noted above with respect to the scope of JX-2 applies here as well with respect to the scope of JX-1. Simply put, if you do not sign it, you are not bound by it.

[1] The issue in dispute in the instant case is limited to the unloading of acoustical tile. The installation of acoustical tile is not in dispute.

An unusual twist in this case is that we have two equally valid documents (JX-1 and JX-2) and each of these documents claims the disputed work. As such, the usual tests (or standards) that an arbitrator might apply to interpret and apply contractual language to resolve a dispute are not germane. We must look elsewhere.

Looking outside the contract, the most obvious source to guide the Arbitrator is area practice. In question form, "how has the situation been addressed in the past?" Using this standard, the result is also inconclusive. Both Parties argued persuasively. The Employer cited numerous instances in which the Carpenters performed the work. The Laborers also cited numerous instances in which they performed the work. But neither party was able to establish a unique claim to the work. Area practice fails to offer the necessary guidance.

Before rendering his decision, the Arbitrator respectfully points out to the Parties that the Employer is placed in a most untenable position with respect to the resolution of this dispute. Whichever Union is assigned the work will necessarily provoke a grievance from the other Union, While the efforts of the Unions to protect the job rights of their members is commendable, they need to reach an accommodation on this issue. The Arbitrator suggests mediation.

Accordingly, the Arbitrator AWARDS as follows:

The grievance is upheld in part.

1. The work of unloading acoustical tiles shall be performed by a composite crew of equal numbers of Carpenters and Laborers.
2. This work will extend to the transfer of this material to designated stockpiles as determined by the Contractor.
3. Beyond this point, all work involving acoustical tile will be performed by the Carpenters.
4. This decision will apply prospectively. (What's done is done.)

Respectfully Submitted,

Francis T. O'Brien
Arbitrator
May 5, 2008